# ROCKINGHAM,

## JULY TERM, A. D. 1859.

---

## Peaslee *v.* Kelley.

Under the statute of New-Hampshire, in order to maintain *scire facias* against an administrator, it is sufficient to allege that the sheriff has made a return of *nulla bona* upon an execution against the goods and estate of the deceased. It is not necessary, in addition, to allege or suggest any waste or misapplication of the funds.

Scire Facias against the defendant, as administratrix of Edmund Kelley.

The *scire facias* was as follows: " Whereas Ebenezer Peaslee, of, &c., by the consideration of the justices of the Court of Common Pleas, holden at, &c., on, &c., recovered judgment against Mary Kelley, of, &c., administratrix of the estate of Edmund Kelley, late of, &c., for the sum of, &c., and costs, taxed at, &c., as appears of record, whereof execution remains to be done; and whereas, on, &c., an execution, in due form of law, issued from this court in favor of said Ebenezer Peaslee, for the sums aforesaid, against the goods, chattels or lands of the said Edmund, and was committed to Levi B. Tucker, of, &c., one of the deputies of the sheriff of this county, to be by him executed and returned, according to law, who, on, &c., makes return of the same to this court, and on the back thereof returns that he has made diligent search, and has found no goods, chattels or estate, belonging to the estate of the above named Edmund Kelley, in his precinct; we com-

mand you, therefore, to summon the said Mary Kelley to appear before the justices of the Court of Common Pleas, to be holden at, &c., on, &c., that she may show cause, if any she have, why the said Ebenezer Peaslee should not have execution against her goods, estate and person, for the sums aforesaid, as for her own debt. And make return," &c.

To this the defendant filed a general demurrer, which was sustained by the court.

The plaintiff then moved to amend, by setting out in detail the proceedings in the original suit, and that said Mary Kelley, administratrix as aforesaid, had misapplied the property belonging to the estate of said Edmund, and had improperly disposed of the same, to the damage of said Peaslee.

*W. W. Stickney,* for the plaintiff.

Our position in this case is, that the *scire facias,* as it now stands, is sufficient to require the defendant to show cause why execution should not issue against her, as for her own debt. This proceeding is founded upon sections 12 and 13 of chapter 170 of the Compiled Statutes.

The demurrer admits all the facts set forth in the *scire facias.* These facts are: that the plaintiff recovered judgment against the defendant as administratrix; execution issued against the goods and estate of the deceased, and was committed to a deputy sheriff, and the sheriff made due return thereon, that he had made diligent search and found no goods or estate belonging to said deceased within his precinct.

These facts bring the case within the statute. Here is a return of "no goods" upon such execution. This entitles the plaintiff to his *scire facias,* and throws the burden of proof upon the defendant to show cause why execution should not issue against her. It is not necessary to suggest or allege waste in the *scire facias.* That is inferred

or implied from the return of "no goods." It cannot be necessary to set forth in the *scire facias* any more than is required to be set forth in the return. The statute requires only a return of "no goods" or waste. Either is sufficient in the return, and consequently either is sufficient in the *scire facias*, even if the words "no goods" and waste mean two distinct things. But if they mean or imply substantially the same thing—that waste had been committed—then it is immaterial which of the words is used in the return or in the *scire facias*.

All that the statute requires having, as we contend, been complied with and set forth in the *scire facias*, it follows that the plaintiff is entitled to his *scire facias*, and to an execution against the defendant, unless she shows cause why it should not issue. The facts make out clearly, as we think, a *prima facie* case against her, and require her to appear and show cause against it.

Our position is supported by the case of *Pillsbury* v. *Hubbard*, 10 N. H. 224. The court, in commenting on this provision of the statute, say: "But it will not follow that an execution against an executor or administrator, to be levied upon his own goods, is a matter of course upon *scire facias*. It will go against him if he does not show cause. But in the case of an action against him as executor or administrator, in which judgment was recovered for damages and costs, it would be sufficient cause that he had never had wherewith to pay."

According to this decision, if an administrator fail to show cause on a *scire facias* of this kind, an execution will issue against him. The amount for which execution is to be awarded depends upon the trial. The statute says to the amount of such waste, if it can be ascertained, otherwise for the whole debt. What is meant by the words, "to the amount of such waste?" We think the fair construction to be put upon it is, to the amount of such waste as the administrator committed, if it can be ascertained; otherwise for the whole debt.

If the administrator can show that he has committed no waste, perhaps no execution could be issued against him, but the burden of proof is upon him to show it. The law presumes waste when there are no goods to satisfy such execution. No such judgment could be recovered against an administrator, unless he allowed it to go against him voluntarily. Our insolvent laws protect administrators against such judgments. Comp. Stat. 410, sec. 8.

If the defendant in this case had represented the estate insolvent, the plaintiff could not have recovered that judgment, and no such execution could have issued. It must be considered, therefore, that the defendant voluntarily allowed that judgment and that execution to go against her. Besides, if an administrator has not sufficient assets to pay all demands against the estate, it is his duty to represent the estate insolvent, in order to make an equal distribution among the creditors of such assets as he has in his hands. The law requires this of him, and any unreasonable omission or neglect to do it would undoubtedly be waste. It is presumed that an administrator will do his duty, and will represent the estate insolvent, if he has not sufficient assets to pay any demands or suits which are brought against him, and if he neglects to do it, and allows judgment to be recovered against him, the fair presumption is that he has sufficient assets in his hands to pay the judgment; and when execution issues, if there are no goods to satisfy it, the law presumes waste on his part.

The conduct of this defendant in neglecting to represent the estate insolvent, and allowing the judgment to be recovered against her, is an admission of assets in her hands, and she should be estopped to say the contrary, and the return of "no goods" on the execution is *prima facie* evidence of waste on her part.

An administrator has no right to defend an action brought against him, and put the creditor to great cost and expense in prosecuting his action, if he has no assets in

his hands to satisfy any judgment which may be recovered against him. It is a fraud upon the creditor, and he ought not to be allowed to say afterwards that he has no assets. He should represent the estate insolvent if he has no assets, and not mislead the creditor.

Our position is also supported by the proceedings at common law in regard to administrators. Administrators are no farther chargeable than they have assets, unless they make themselves so by their own act. If an administrator plead a false plea, and it is found against him, judgment shall go against the goods of the deceased, if there are any, and if not, against the goods of the administrator. If an administrator confesses or suffers judgment by default, he admits assets in his hands, and is estopped to say the contrary. 2 Bacon Abr., Exrs & Admrs, M, and note. If an administrator pays a debt of an inferior nature before those of a superior, it is waste. 2 Bacon Abr., Exrs & Admrs, L, 2. If an administrator plead the general issue, it is an admission of assets, and he cannot under that plea give in evidence that he had fully administered, or had no assets in his hands. 1 Saund. 336, note 10; *Ewing* v. *Peters,* 3 T. R. 685; 1 Chit. Pl. 483; Coke Litt. 283, a.

It is no defence for an executor *de son tort,* that he has paid debts to double the amount of the assets by him received, because he has no right to elect whom he will pay. *Neal* v. *Baker,* 2 N. H. 477.

According to the above authorities, the administratrix in this case has made herself chargeable by her own acts. She neglected to represent the estate insolvent, and allowed the judgment to be recovered against her. This amounted to an admission of assets in her hands, and the return of " no goods" afterwards on the execution shows waste. She failed to do her duty as administratrix, and there are the same or stronger reasons for holding her chargeable, than there was at common law for charging

an administrator who put in a false plea, or who suffered judgment by default, or who paid a debt of an inferior nature, or who pleaded the general issue instead of *plene administravit*.

She has been guilty of fault, and of such fault as will make her chargeable, if unexplained. This fault, we think, may be fairly inferred from the facts set forth in the *scire facias*. The demurrer admits the facts, and all the inferences resulting therefrom. The return of "no goods" upon such execution shows such fault or such acts on her part as amount to waste, if unexplained. There would have been no such execution, and no such return, if there had been no fault on her part. We think, therefore, that it is fairly to be inferred, from the return and other facts set forth in the *scire facias*, that the administratrix had been guilty of waste, just as much as if the sheriff had returned waste on the execution. If we are correct in this, it is clear that the *scire facias* is sufficient.

*G. Marston*, for the defendant.

The mode of enforcing a judgment obtained against an executor, differed in the ancient practice of the king's bench and common pleas. In the former, upon a return of *nulla bona* and *devastavit*, by the sheriff, the plaintiff may have execution immediately against the defendant *de bonis propriis*. Tidd's Practice 933. The better practice was to sue out a *scire facias*, and obtain an award of execution, before the issuing of the execution *de bonis propriis*. *Wheatley* v. *Lane*, 1 Saund. 219, note 8.

But the most usual practice upon the return by the sheriff of *nulla bona*, but no return of a *devastavit*, was to sue out a special writ of *fieri facias de bonis testatoris*, with a clause therein, "*et si tibi constare poterit*" that the executor had wasted the goods, then to levy *de bonis propriis*.

In the common pleas the practice was to suggest a *devastavit* in the *fieri facias de bonis testatoris*, and direct

the sheriff to inquire by a jury whether a *devastavit* had been committed; and, if it was found by the inquisition, then a *scire facias* issued, and unless a good defence was made, an execution *de bonis propriis* was awarded.

It became the practice in both courts, on the return of `nulla bona` without a *devastavit*, to issue a *scire fieri* inquiry; upon which, if an inquisition was found against the executor, he was warned to appear. He might traverse the return of a *devastavit*. *Wheatley* v. *Lane*, 1 Saund. 219, note 8; 1 Saund. Pl. & Ev. 1183; 2 Williams on Executors 1694; Tidd's Pr. 1019.

The mode of proceeding under the 13th section of the Compiled Statutes, page 410, must from necessity be in accordance with the practice of the common law, none being prescribed by the statute.

The gist of the action at common law is the *devastavit*; and the statute makes "the amount of waste" the only material fact to be proved. There is no allegation in the *scire facias* of a "waste;" and, for that reason, the administratrix cannot avail herself of the only material fact necessary to be ascertained, namely, whether or not waste had been committed.

The sheriff should have returned "no goods" and "waste;" and, because he has not so made his return, it is defective. *The People* v. *Judge of Erie*, 4 Cowen 446. The conjunction "or," connecting the words, "no goods" and "waste," has the meaning of the copulative "and." 1 Bouv. Dic. 194.

The *scire facias* is not amendable; that would be equivalent to changing the form of the action. In any event, the administratrix is not liable for the costs in the original action.

BELL, J. The amendment proposed seems to us proper to be made, if there is any occasion for it. It evidently sets out, with more fulness and detail, the same cause of

action that is stated in the *scire facias*, as it was originally drawn. It presents no new cause, and falls within the ordinary rule as to the amendment of legal proceedings.

The amendments alter the original declaration in two particulars : first, in setting out, with more particularity, the proceedings in the original action ; and, second, in inserting a suggestion of a *devastavit*—a specific allegation that the administrator has misapplied and wasted the property belonging to the estate.

As to the first of these, it appears to us that the allegations of the *scire facias* are quite sufficient. It sets forth the fact of a judgment recovered against the defendant as administratrix, to be levied of the estate in her hands ; and we think it immaterial by what process the suit was commenced, or when that process was returnable, or what proceedings took place in court, prior to the rendition of the judgment. A *scire facias* need not recite all the proceedings upon which the judgment was given, but the judgment only. Carth. 149 ; Com. Dig., Pleader 3, L 3 ; and see forms, 2 Lillie's Ent. 639, 640, &c. ; and 9 Went. Pl. 543, &c. ; Prec. Dec. 323.

The allegation of the *scire facias*, that the officer returned that he had made diligent search, and had found no goods, &c., belonging to the estate, in his precinct, is proposed to be amended, by inserting, "and whereas it has been suggested by the said Peaslee that the said Mary Kelley, administratrix as aforesaid, has misapplied the property belonging to the estate of said Edmund, and has improperly disposed of the same, to the damage of the said Peaslee." But this does not seem to us to be necessary.

Though, by our earliest statute on this subject, 13 Anne, ch. 42, Prov. Stat. 54, and by the statute of 1822, Laws of 1830, 213, sec. 23, the administrator could be charged upon a *scire facias*, as of his own proper goods, only "upon a suggestion of waste, and return made by the sheriff,

*nulla bona*, or a *devastavit*," yet the provision of the Revised Statutes, ch. 161, sec. 13, does not require such suggestion. "Upon return of 'no goods,' or 'waste,' made by the sheriff on such execution, an execution may be awarded, on *scire facias*, against the goods, estate and person of the administrator, as for his own debt, to the amount of such waste, if it can be ascertained; otherwise, for the whole debt."

It seems from this provision, that, in order to maintain a *scire facias* in such a case, it is sufficient to allege that the sheriff has returned *no goods*, which is precisely what is done in this *scire facias*.

Under the former statutes here, and in England, the suggestion of waste is matter of legal inference; and, if inserted, no evidence of the fact could be required beyond the officer's return of *nulla bona*.

The course of proceeding in England, by *scire fieri* inquiry, is unlike any course of proceeding known in our practice. See Tidd's Prac. 933, 1019; 1 Wm. Saund. 219, n. 8; Williams' Ex'rs 1694. But the action of debt upon the judgment suggesting a *devastavit*, is substituted in lieu of the proceeding by *scire fieri* inquiry.

The foundation of this action is the judgment obtained against the administrator, which is conclusive upon him, that he had assets to satisfy such judgment. If, therefore, upon a *fi. fa.* against an executor *de bonis testatoris*, no goods can be found or not enough, or, which is the same thing, the executor will not expose them to the execution, that is evidence of a *devastavit*, and, therefore, it is reasonable that the executor should become personally liable and chargeable *de bonis propriis*. The mode of proceeding is immaterial, because the executor is entitled to the same defence in debt on the judgment as in the proceeding by *scire fieri* inquiry.

This action may be brought upon the judgment against the executor, upon a bare suggestion of waste, without

Peaslee *v.* Kelley.

any writ of *fieri facias* taken out upon the judgment. But the usual course is, first to sue out a *fieri facias* upon the judgment, and, upon the sheriff's return of *nulla bona,* to bring the action; and on the trial the record of the judgment, the *fieri facias,* and the return, will be sufficient evidence to prove the case. 2 Wms. Exrs. 1698.

This citation seems to be conclusive as to what is material in our action of *scire facias,* and the necessary evidence to be offered to charge an executor *de bonis propriis:* the judgment, the execution, and the return of *nulla bona.* If waste is alleged, it is not necessary to prove it, nor to offer any other evidence tending to that result.

It cannot be necessary, in the absence of any legislative requirement, to allege what, if alleged, it is unnecessary to prove. It is merely form.

The *scire facias* in this case seems to us to be in good and sufficient form, and no amendment is required.

The demurrer must consequently be overruled.